1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILADELPHIA INSURANCE
COMPANY,

                Plaintiff,

        v.

VISION ONE LLC,

               Defendant.

No. C06-5010 RBL

ORDER GRANTING
DEFENDANT'S MOTION
TO STAY

      This matter is before the Court on Defendant Vision One LLC's Motion to Stay or Dismiss [Dkt. #12]. Vision One argues that the Court should grant its motion for three reasons: (1) to avoid having a federal court needlessly determine issues of state law; (2) to discourage forum shopping; and (3) to avoid duplicative litigation. For the reasons below, the Court GRANTS Vision One's motion and stays this action.

      The underlying accident that gave rise to this case occurred at a construction site on October 1, 2005, when a concrete slab collapsed and injured several workers. The workers brought claims against Vision One, a Washington company. Vision One contacted its insurance company, Philadelphia Insurance, a Pennsylvania corporation, to report the claims and seek coverage under its policy. On October 11, 2005, Philadelphia notified Vision One that it was investigating the claim. On November 21, 2005, while

ORDER                    1

Philadelphia was investigating the claim, an engineering firm, BT&Associates, prepared a report summarizing the causes of the collapse and attributing it to the "shoring design" and "[s]everal problems with the shoring installation."  Defendant's Motion to Stay at 3.  On January 3, 2006, Philadelphia notified Vision One that it was denying coverage because the policy excludes coverage for accidents that are the result of "deficient design or specifications," or "faulty materials or workmanship."

On January 10, 2006, Philadelphia filed this declaratory judgment action, seeking a declaration that under the policy, it has no obligation to defend or indemnify Vision One.  On May 7, 2006, Vision One answered Philadelphia's complaint and counterclaimed, seeking a declaration that Philadelphia's policy does provide coverage.  Vision One also claims that Philadelphia handled Vision One's insurance claim in bad faith, for which Vision One seeks damages.

On March 9, 2006, Vision One filed suit in Pierce County Superior Court.  It named Philadelphia and the concrete subcontractor at the construction site, D&D, as defendants.  D&D is a Washington corporation.  Vision One now seeks a stay or dismissal of this proceeding pending resolution of the state court proceeding.

## DISCUSSION

This federal court action features two kinds of claims: each party's claim for declaratory judgment and Vision One's counterclaim for damages.  All claims arise under state law.  This Court has jurisdiction over all claims by virtue of diversity of citizenship.  28 U.S.C. §1332.  The issue the Court is asked to resolve–whether to stay proceedings in this Court in deference to proceedings in Pierce County–is governed by two different analyses, each corresponding to one of the two kinds of claims.

## A.    Both Parties' Claims for Declaratory Judgment

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them.  *Colorado River Water Conser. Dist. v. U.S.*, 424 U.S. 800, 871 (1976).  However, under the Declaratory Judgment Act, even when subject matter jurisdiction is otherwise proper, the exercise of jurisdiction over a

declaratory judgment action is discretionary, not mandatory. *See Snodgrass v. Provident Life and Accident Ins. Co.*, 147 F.3d 1163, 1166-67 (9th Cir. 1998).   One instance in which federal courts ordinarily should decline to exercise jurisdiction over a declaratory action is when parallel state court proceedings are pending. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366 (9th Cir. 1991).   The district court must balance the fact that state court proceedings are pending with concerns of judicial administration, comity, and fairness to the litigants. *Id*. at 1367.

Here, Vision One argues that this Court should stay proceedings in federal court in deference to state court proceedings for three reasons: (1) to avoid having a federal court needlessly determine issues of state law; (2) to discourage forum shopping; and (3) to avoid duplicative litigation. *See Continental Casualty Co. v. Robsac Industries*, 947 F.2d 1367, 1371 (9th Cir. 1991) (citing *Chamberlain*, 931 F.2d at 1366).

First, Vision One argues that state courts, not federal courts, should determine issues of insurance law wherever possible.  It cites the McGarran-Ferguson Act, 15 U.S.C. §§1011-12, to show that insurance law is an area of law that Congress has expressly left to states.  Insurance law is the province of the state. Vision One's argument is supported by ample authority discouraging federal courts from needlessly determining issues of state law. *See Chamberlain*, 931 F.2d at 1366.

Second, Vision One argues that the Court can prevent forum shopping in this matter by deferring to the state court.  However, depending on one's perspective, Vision One, not Philadelphia, could be viewed to have shopped for the forum of Vision One's preference when it filed suit in state court two months after Philadelphia initiated this suit in federal court.  Under these circumstances, when it is possible that both parties are doing what they can to land in the forum of their choice, an argument against forum shopping is not persuasive.

Vision One's third argument is that this Court should stay proceedings to avoid duplicative litigation.  Vision One correctly argues that resolution of the coverage questions raised in the federal court

proceedings and the liability questions raised in the state court proceedings will depend on the same factual question: whether the underlying accident was the result of "deficient design or specifications," "faulty materials or workmanship," or some other cause.  One can neatly distinguish the state court liability question from the federal court coverage question, but the factual determination on which each court will rely to resolve these questions are indistinguishable.  For this reason, allowing both the federal and state proceedings to go forward may result in inconsistent results.

Therefore, in order to avoid duplicative proceedings and inconsistent results with regard to the operative facts, and in deference to Congress's mandate that insurance law is to be governed by the states, this Court declines to exercise jurisdiction over the declaratory judgement claims before it.

**B.**      **Defendant Vision One's Counterclaim for Damages**

The other kind of claim before the Court is Vision One's counterclaim for damages.  The Ninth Circuit has held that when there is a claim for declaratory relief coupled with another claim, such as a counterclaim for bad faith, the district court generally should entertain the other claim.  *Chamberlain*, 931 F.2d at 1367.  The Ninth Circuit has also referred to such other claims as "independent claims," or claims that exist independent of any request for purely declaratory relief.  *Snodgrass*, 147 F.3d at 1167.  When an action features an independent claim, that claim is not subject to the discretionary jurisdictional rule under the Declaratory Judgment Act.  *Id.*  In other words, the district court has less discretion to refrain from exercising jurisdiction over an independent claim.

For independent claims, the standard for determining whether to stay the case is the presence of "exceptional circumstances," a standard that has been well articulated in *Colorado River* and its progeny.  *See Pence v. Lightning Rod Mutual Ins. Co.*, 203 F. Supp. 1025, 1029-30 (S.D. Ind. 2002) (citing *Colorado River*, 424 U.S. at 817*; Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 19 (1983);  *Arizona v. San Carlos Apache Tribe*, 463 U.S. 545, 570 (1983), and *Will v. Calvert*

*Fire Ins. Co.*, 437 U.S. 655, 666 (1978)).[1]  More specifically, the Ninth Circuit has held that when the court is faced with a claim for declaratory judgement, coupled with an independent basis for jurisdiction, the Declaratory Judgment Act should be interpreted to avoid piecemeal litigation.  *Snodgrass*, 147 F.3d at 1167.

Several considerations persuade the Court to refrain from exercising jurisdiction over Vision One's independent bad faith claim in this case.  First, as discussed above, state insurance law provides the rule of decision.  Second, refraining from exercising jurisdiction will accomplish two goals: it will avoid piecemeal litigation and conserve judicial resources.  The Court cannot accomplish either goal by exercising jurisdiction here.  On one hand, if this Court decides to exercise jurisdiction on the damages claim alone, piecemeal litigation will result because this Court's decision will depend on whether the state court concludes that coverage exists.  On the other hand, if this Court decides to exercise jurisdiction over all claims, the Court will analyze the same or similar facts as the state court will analyze.  The result will be duplicative at best, and inconsistent at worst.  Third, removal is not available to prevent piecemeal litigation.  In the state action, Defendants Philadelphia and D&D are non-diverse from the Plaintiff, Vision One.  Finally, there is no showing that either party will be inconvenienced or prejudiced by pursuing all claims in state court.

Based on these exceptional circumstances, and in the interest of comity and judicial economy, the

---

[1]The Seventh Circuit lists 10 factors that help determine whether exceptional circumstances exist:
1) the difficulties posed when a state and federal court assume jurisdiction over the same *res*;
2) the relative inconvenience of the federal forum;
3) the need to avoid piecemeal litigation;
4) the order in which the state and federal proceedings were filed;
5) whether state or federal law provides the rule of decision;
6) whether the state action protects the federal plaintiff's rights;
7) the relative progress of the state and federal proceedings;
8) the presence or absence of concurrent jurisdiction;
9) the availability of removal;
10) the vexatious or contrived nature of the federal claim.
*Pence*, 203 F. Supp. at 1030 (citing *Sverdrup Corp. v. Edwardsville Community Unit School Dist. No. 7*, 125 F.3d 546, 549-550 (7th Cir. 1997).

Court will abstain from entertaining the claims before it.

## CONCLUSION

The Court GRANTS Defendant's Motion to Stay [Dkt. #12].

Pursuant to this Order, it appears that this matter will remain in an inactive status for a substantial period of time. The Court therefore directs the clerk to enter a STATISTICAL TERMINATION of this action. Counsel should note that this termination is intended solely to remove this matter from the Court's docket of active pending cases in order to alleviate congestion of the Court's docket. At such time as the parties deem this litigation to be in a posture to proceed before this Court, they shall file a motion to reopen and the matter will proceed. The motion to reopen shall be filed in the above-referenced cause number. No new case need be filed, nor will additional filing fees be required. For purposes of statutes of limitations, the Court deems the filing date of this litigation to be and to remain the original filing date of the above-entitled case.

All pending motions, deadlines, and hearings, if any, shall be stricken as moot.

IT IS SO ORDERED.

DATED this 19th day of April, 2006.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE